**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

------------------------------------X
                                    :
EQUAL EMPLOYMENT OPPORTUNITY        : CIVIL ACTION NO.
COMMISSION,                         :
                                    : 02-CV-0468-S(SF)
Plaintiff,                          :
                                    :
                                    :
v.                                  :
                                    :
                                    :
GREIF BROTHERS CORPORATION          :
                                    :
Defendant.                          :
                                    :
------------------------------------X

**CONSENT DECREE**

This action was filed on July 1, 2002, by the Equal Employment Opportunity Commission (hereinafter the "EEOC" or "the Commission"), an agency of the United States Government, alleging that Greif, Inc., formerly known as Greif Bros. Corporation (hereinafter "Defendant") violated Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 by subjecting Charging Party, Michael Sabo, to a hostile work environment which resulted in his constructive discharge. The EEOC and Defendant desire to settle this action, and therefore do hereby stipulate and consent to the entry of this Decree as final and binding between Defendant and the EEOC, who are the signatories hereto, and their successors or assigns. This Decree resolves all matters related to Civil Action No. 02-CV-0468-S(SF), filed in the United States District Court for the Western District of New York. Defendant and the EEOC (hereinafter "the parties") have agreed that this Decree is being entered into without Findings of Fact and Conclusions of Law having been made

and entered by the Court.

In consideration of the mutual promises of each party to this Decree, the sufficiency of which is hereby acknowledged, the parties agree as follows, the Court finds appropriate, and it is therefore ORDERED, ADJUDGED AND DECREED that:

1. This Decree in no way affects the EEOC's right to process any pending or future charges that may be filed against Defendant in accordance with standard EEOC procedures, and to commence civil actions on any such charges.

2. This Decree is being issued with the consent of the parties and does not constitute an adjudication or finding by this Court on the merits of the allegations of the Complaint. Nothing contained in this Decree shall be construed as an admission of liability on the part of Defendant, who has denied and continues to deny the allegations of the Complaint asserting sex-based discrimination under Title VII.

3. The parties agree to pay their own costs and attorneys fees associated with this action.

4. No party shall contest the jurisdiction of the federal court to enforce this Consent Decree and its terms or the right of any party to this Consent Decree to bring an enforcement suit upon breach of any of the terms of this Consent Decree by any party. Breach of any terms of this Consent Decree shall be deemed a substantive breach of this Consent Decree. The Parties agree to meet and confer prior to invoking the authority of the Court to enforce this Consent Decree. If Parties can not resolve the issue within 30 days the EEOC can seek the courts intervention. Nothing in this Consent Decree shall be construed to preclude the EEOC from bringing proceedings to enforce this Consent Decree in the event that Defendant fails to perform the promises and representations contained herein.

5. This Consent Decree shall remain in effect for three (3) years.

6. Defendant shall be enjoined from unlawfully discriminating against any individual because of his or her sex, subjecting employees to unlawful differential treatment regarding the terms and conditions of employment because of their sex, engaging in sex-based harassment toward any employee, or engaging in retaliation against any individual for asserting her or his rights under Title VII. Defendant shall be enjoined from retaliating against any individual who has participated in this matter in some way, given testimony in this matter or asserted her or his rights under the Title VII, including, but not limited to, Michael Sabo. Defendant acknowledges that it maintains and will continue to maintain policies, practices, and programs which provide equal opportunities for employees to work in an environment free of unlawful discrimination.

A. **MONETARY RELIEF**

1. In settlement of this dispute Defendant shall pay to Michael Sabo, a gross amount of ONE HUNDRED THOUSAND DOLLARS ($100,000.00), allocated as follows: (1) the gross amount of FORTY-EIGHT THOUSAND ONE HUNDRED NINE DOLLARS AND EIGHTEEN CENTS ($48,109.18) for back pay, including lost overtime earnings (the "Back Pay Payment"); and (2) the gross amount of FIFTY-ONE THOUSAND EIGHT HUNDRED NINETY DOLLARS AND EIGHTY-TWO CENTS ($51,890.82) for compensatory damages which includes TWENTY-SIX THOUSAND EIGHT HUNDRED FORTY-NINE DOLLARS ($26,849.00) for expenses due to lost medical benefits and TWENTY-FIVE THOUSAND FORTY-ONE DOLLARS AND EIGHTY-TWO CENTS ($25,041.82) in non-pecuniary compensatory damages (the "Non-Wage Payment").

2. Defendant shall issue Mr. Sabo a tax form 1099 for the Non-Wage Payment. Defendant shall make applicable withholdings for federal, state and local income taxes and for employee social

security taxes pursuant to the Federal Insurance Contribution Act ("FICA") on the Back Pay Payment; and Defendant shall make the employer contributions to the Social Security account of Michael Sabo using as a basis therefore, the gross back wages paid to him.

3. No later than 10 days after receiving notice of the Court's entry of this Consent Decree, and the execution of the Settlement agreement and release attached hereto as Exhibit "B", Defendant shall issue a check and a statement setting forth all withholdings directly to Michael Sabo, sent certified mail with return receipt requested at the following address: Michael Sabo 8951 Erie Avenue, Canal Fulton, OH 44614. A copy of the check and the accompanying statement shall be forwarded to Arnold J. Lizana, Trial Attorney, of the E.E.O.C., upon issuance of the check.

## B. NOTICE AND POSTING

No later than 10 days after receiving notice of the Court's entry of this Consent Decree, Defendant shall conspicuously post at its Tonawanda, New York facility a copy of a notice, printed on Greif letterhead signed by its Senior Vice President of Human Resources (See Exhibit A). This Notice shall remain posted for a period of at least three(3) years where notices to employees of Greif are customarily posted.

## C. WRITTEN POLICIES

1. EEO/Harassment Policy: Defendant agrees to maintain its policies on Equal Employment Opportunity and Sexual Harassment (the "Policy"), which contain an equal employment opportunity policy and anti-harassment policy with a detailed complaint procedure that includes: (a) a clear explanation of prohibited conduct; (b) the assurance that employees who make complaints of discrimination or provide information related to

such complaints will not be retaliated against; (c) a clearly described complaint process that provides accessible avenues of complaint; (d) the assurance that the employer will accept any and all complaints from employees who wish to file complaints internally with the Company; (e) the assurance that the employer will protect the confidentiality of complaints to the extent possible; (f) a complaint process that provides a prompt, thorough, and impartial investigation, and (g) the assurance that the Defendant will take immediate and appropriate corrective action when it determines that discrimination has occurred. Defendant agrees to re-post the Policy in Defendant's Tonawanda, New York facility.

2. For the duration of this decree, Defendant agrees to distribute the Policy to all Tonawanda new employees within 10 days of hire.

### D. **TRAINING**

1. All management and supervisory employees of Defendant's Tonawanda, New York facility shall be required to attend a comprehensive training program of at least four (4) hours regarding equal employment opportunity rights and responsibilities, with a focus on sexual harassment and complaint reporting procedures. Defendant shall within 30 days of the entry of this decree submit for EEOC approval a general outline of the curriculum for this training and the entity that will conduct the training. A certificate or other proof of completion of this training by all applicable employees shall be provided to the EEOC no later than six (6) months from the Court's approval of this Consent Decree. All new management employees at the Defendant's Tonawanda, New York facility shall receive this training within 90 (ninety) days of hire or promotion into management.

2. All non-management employees of Defendant's Tonawanda, New York facility shall be required to attend a comprehensive training program of at least two (2) hours regarding equal employment opportunity rights and responsibilities, with a focus on sex-based discrimination, harassment and the procedures for reporting complaints of discrimination. A certificate or other proof of completion of this training by all applicable employees shall be provided to the EEOC no later than six (6) months from the Court's approval of this Consent Decree. All new non-management employees at the Defendant's Tonawanda, New York facility shall receive this training within 90 (ninety) days of hire.

### E. REFERENCES

Defendant, if asked to provide a reference for Michael Sabo or a witness, will provide only the dates of employment and the position held. All requests for a reference shall be directed to Ms. Getitia J. Matheny, Vice President of Human Resources, North America, Greif, Inc., 425 Winter Road, Delaware, OH 43015.

### F. MONITORING

The EEOC has the right to monitor and review compliance with this Consent Decree. Accordingly:

1. On or before 180 days from the date the Court enters this Consent Decree, Defendant shall submit written proof via affidavit to the EEOC that it has complied with the requirements set forth in the paragraphs above. Such proof shall include, but not be limited to, a sign-in sheet or certificate or other proof of completion of the training, and an affidavit stating that the notice was conspicuously posted in the Defendant's Tonawanda, New York facility by and through the specified dates.

2. EEOC, throughout the term of this Decree and upon reasonable notice, shall retain the right to request and review records of employee complaints at the Tonawanda, New York facility made regarding Defendant's discrimination or harassment on the basis of sex following the date of this Decree.

3. Defendant, throughout the term of this Decree and on a nation wide basis, will furnish EEOC with a monthly report regarding any disciplinary action against an employee for bringing false claims or misleading allegations in reporting harassment or during the investigation of such claims.

4. Nothing in this Decree shall be construed to preclude the EEOC from enforcing this Decree in the event that Defendant fails to perform the promises and representations contained herein.

This Decree will remain in effect for THREE (3) YEARS FROM DATE OF ENTRY.

SO ORDERED, ADJUDGED AND DECREED.

Signed this _12th_ day of _April_, 2006

_____
UNITED STATES DISTRICT JUDGE
APPROVED IN FORM AND CONTENT:

By Plaintiff, EEOC:

_____
Elizabeth Grossman
Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor,
New York, New York 10004-2112
(212) 336-3721

```
Judy Keenan
Supervisory Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New York District Office
33 Whitehall Street, 5th Floor,
New York, New York 10004-2112
(212)336-3721
Arnold J. Lizana
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Boston Area Office
John F. Kennedy Federal Building,
Room 475
Boston, MA 02203-0506
(617) 565-3210
By Defendant:
```

_____
VORYS, SATER, SEMOUR & PEASE LLP
Andrew C. Smith
David Campbell
52 East Gay Street
P.O Box 1008
Columbus, Ohio 43216-1008
HODGSON RUSS LLP
Hugh M. Russ, III
One M&T Plaza
Suite 2000
Buffalo, New York 14203

## EXHIBIT A

### NOTICE

This NOTICE to all employees of the Greif, Inc. is being posted and provided as part of a Consent Decree between Greif, Inc. and the U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, in EEOC v. GREIF Civil Action No.02-CV-0468(W.D.N.Y). In that action the EEOC alleged that Greif subjected an employee to a sexually hostile work environment which was so intolerable that the employee was forced to quit. Greif vigorously denies those allegations. Greif, as part of the resolution of this matter, reaffirms that it does not discriminate against any individual

because of the individual's sex, subject persons to differential treatment regarding the terms and conditions of employment because of their sex, or engage in sex-based harassment toward any employee.

Federal law requires and Greif, Inc.'s policies provide that there be no discrimination against any employee or applicant for employment because that person made a complaint of discrimination because of sex, race, national origin, color, age, disability, or religion with respect to hiring, compensation, promotion, discharge, or other terms, conditions or privileges of employment.

Greif, Inc. reiterates its commitment to comply with such Federal law in all aspects, and reiterates that it will not take any action against employees because they have exercised their rights under the law by filing charges or cooperated with the U.S. Equal Employment Opportunity Commission or by otherwise opposing employment practices made unlawful under federal law.

Greif, Inc. maintains an Open Door policy through which employees may, and are encouraged to, raise any concerns regarding their employment, including our sexual harassment policy or any issues relating to perceived discrimination or harassment. Employees may use the Open Door by discussing the matter with their Supervisor, General Manager and/or the Regional Human Resources Manger at 1-800-422-9577. Additionally, if you have complaints of discrimination you can contact the Equal Employment Opportunity Commission's Buffalo Local Office Buffalo 6 Fountain Plaza, Suite 350 Buffalo, NY 14202 (716)551-4441.

This NOTICE will remain posted until _____, 2009.

SIGNED this _____ day of _____, 2006.

SENIOR VICE PRESIDENT OF HUMAN RESOURCES